UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

GUYLENE MICHEL,    CASE NO: 23-CIV-21622-DPG

Plaintiff,

v.

UNIVERSITY OF MIAMI,

Defendant.
_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

The defendant University of Miami answers plaintiff Guylene Michel's complaint (DE 1) in correspondingly-numbered paragraphs as follows. All allegations not specifically admitted below are denied, including any entitlement to damages or other relief. Defendant reserves the right to supplement or amend as its investigation is ongoing.

1. Defendant admits only that plaintiff purports to bring an action under the Family Medical Leave Act ("FMLA"), but denies the remaining allegations set forth in this paragraph.

2. Defendant admits only that some acts occurred in Miami-Dade County, but denies the remaining allegations set forth in this paragraph.

3. Defendant is without knowledge of plaintiff's intended meaning of the phrase "[a]t all times material hereto" and therefore denies the allegations set forth in this paragraph.

4. Defendant is without knowledge of plaintiff's intended meaning of the phrase "[a]t all times material hereto" and therefore denies the allegations set forth in this paragraph.

5. Defendant admits only that it is not a government agency, but as it is without knowledge of plaintiff's intended meaning of the phrases "[a]t all times material hereto" and "as defined by law", it denies the allegations set forth in this paragraph.

6. Defendant is without knowledge of plaintiff's intended meaning of the phrase "[a]t all times material hereto" and therefore denies the allegations set forth in this paragraph.

7. Defendant denies the allegations set forth in this paragraph.

8. Defendant denies the allegations set forth in this paragraph.

9. Defendant denies the allegations set forth in this paragraph.

10. Defendant denies the allegations set forth in this paragraph.

11. Defendant denies the allegations set forth in this paragraph.

12. Defendant denies the allegations set forth in this paragraph.

13. Defendant denies the allegations set forth in this paragraph.

14. Defendant denies the allegations set forth in this paragraph.

15. Defendant denies the allegations set forth in this paragraph.

16. Defendant denies the allegations set forth in this paragraph.

17. Defendant denies the allegations set forth in this paragraph.

18. Defendant denies the allegations set forth in this paragraph.

19. Defendant denies the allegations set forth in this paragraph.

20. Defendant denies the allegations set forth in this paragraph.

21. Defendant denies the allegations set forth in this paragraph.

22. Defendant denies the allegations set forth in this paragraph.

23. Defendant denies the allegations set forth in this paragraph.

24. Defendant denies the allegations set forth in this paragraph.

25. Defendant denies the allegations set forth in this paragraph.

26. Defendant denies the allegations set forth in this paragraph.

27. Defendant denies the allegations set forth in this paragraph.

28. Defendant denies the allegations set forth in this paragraph.

29. Defendant denies the allegations set forth in this paragraph.

30. Defendant denies the allegations set forth in this paragraph.

31. Defendant denies the allegations set forth in this paragraph.

32. Defendant denies the allegations set forth in this paragraph.

33. Defendant incorporates by reference its responses to paragraphs 1-32 above as though fully set forth herein.

34. Defendant denies the allegations set forth in this paragraph.

35. Defendant denies the allegations set forth in this paragraph.

36. Defendant denies the allegations set forth in this paragraph.

37. Defendant denies the allegations set forth in this paragraph.

38. Defendant denies the allegations set forth in this paragraph.

39. Defendant incorporates by reference its responses to paragraphs 1-32 above as though fully set forth herein.

40. Defendant denies the allegations set forth in this paragraph.

41. Defendant denies the allegations set forth in this paragraph.

42. Defendant denies the allegations set forth in this paragraph.

43. Defendant denies the allegations set forth in this paragraph.

44. Defendant denies the allegations set forth in this paragraph.

45. Defendant denies the allegations set forth in this paragraph.

46. Defendant denies the allegations set forth in this paragraph.

47. Defendant denies the allegations set forth in this paragraph.

48. Defendant denies the allegations set forth in this paragraph.

49. Defendant makes no response to plaintiff's demand for a jury trial because no response is required.

50. Defendant denies plaintiff's entitlement to any relief and requests that judgment be entered in its favor and against plaintiff and that it be awarded its reasonable costs and attorneys' fees in accordance with applicable law, along with such other and further relief as the Court deems just and appropriate under the circumstances.

## **DEFENSES**

Defendant asserts the following defenses while reserving its right to set forth additional defenses as they become known.

1. Plaintiff has failed to state a claim upon which relief can be granted under any theory. In particular, as a matter of law, the complaint does not contain sufficient allegations of fact, as opposed to conclusory allegations, to state a claim of interference or retaliation under the FMLA. Indeed, plaintiff exhausted her FMLA leave, and thus, she cannot allege that defendant denied her leave to which she was entitled under the FMLA. Even if plaintiff was able to allege that she was denied a benefit to which she was entitled under the FMLA, which defendant disputes, plaintiff cannot state any prejudice she suffered sufficient to maintain a claim of interference under that statute. Moreover, plaintiff cannot allege that defendant intentionally retaliated against her because of purported protected activity under the FMLA.

2. Any and all actions taken by defendant with regard to plaintiff were for legitimate, non-discriminatory reasons and defendant has not willfully, intentionally, or with specific intent, violated any of plaintiff's rights under any statute or provision under which plaintiff's alleged causes of action could be brought. Indeed, defendant acted with reasonable grounds for believing that its actions did not violate any laws. Defendant has neither taken nor ratified any action with

discriminatory purpose or intent, but rather has acted in good faith, has not authorized any action prohibited by law, has not committed any unlawful employment practice, or engaged in any unlawful conduct. Defendant's actions were justified and were the result of reasonable factors and bona fide occupational business requirements necessary to the performance of business functions.

3. Plaintiff has an obligation to use reasonable diligence to mitigate her damages, including, but not limited to, seeking comparable employment elsewhere. To the extent that plaintiff has earned income from employment, has not earned income due to her failure to use diligence in seeking and/or maintaining employment, or otherwise failed to mitigate damages, defendant is not liable to plaintiff for such sums that she did or could have earned.

4. To the extent that plaintiff's claims are barred by the statute of limitations, she is not entitled to relief.

5. Defendant made good faith efforts to prevent any retaliatory conduct by any of its employees and exercised reasonable care to prevent and correct promptly any purported retaliatory behavior or any other improper treatment that plaintiff might encounter while in its employ. To the extent that plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by defendant or to avoid harm otherwise, defendant is not liable, and plaintiff is barred from recovery. Any damages that plaintiff may have suffered, which defendant continues to deny, were the direct and proximate result of plaintiff's own conduct, plaintiff's failure to report, or follow company policies requiring reporting of, any alleged interference or retaliation, and/or plaintiff's failure to take advantage of the preventive or corrective opportunities provided by defendant or to avoid harm otherwise. Therefore, defendant is not liable, and plaintiff is barred from recovering any damages or other relief from defendant.

6. To the extent retaliatory acts were taken with respect to plaintiff, which defendant denies, defendant had no knowledge of, nor acquiesced in, any such inappropriate conduct. Further, defendant pleads, in the alternative and in response to any alleged evidence of interference or retaliation that may be produced by plaintiff, any adverse employment actions and/or decisions taken with respect to plaintiff would have occurred notwithstanding such alleged evidence of interference or retaliation, as well as any exercise of rights under the FMLA.

7. Defendant had a legitimate, non-discriminatory and non-pretextual business justification for terminating plaintiff's employment—her inability to comply with attendance and performance requirements.

8. To the extent that plaintiff's requested accommodation altered the essential functions of her job and/or caused an undue hardship on the operation of defendant's business, plaintiff cannot state a claim.

9. Defendant asserts the doctrine of after-acquired evidence. In the event that additional evidence is discovered that would have supported any employment decision at issue in this lawsuit, any right of the plaintiff to relief shall be limited accordingly.

10. To the extent that plaintiff has brough duplicative claims, she is not entitled to duplicative recovery.

Respectfully submitted,

By: *s/Eric A. Hernandez*
Eric A. Hernandez
Fla. Bar No. 340730
Hernandez Lee Martinez, LLC
P.O. Box 531029 (mailing address only)
Miami, FL 33153
(305) 842-2101
eric@hlmlegal.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that along with its filing on June 8, 2023, a copy of this document is being emailed via the CM-ECF System to counsel for Plaintiff.

*s/Eric Hernandez*
Eric A. Hernandez

The Law Office of Michelle Cohen Levy, P.A.
Michelle Cohen Levy, Esq.
michelle@cohenlevylegal.com
Fla. Bar No. 0068514
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Tel: (954) 651-9196
*Counsel for Plaintiff*